UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CONNIE LEE LEON,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| v. | § | |
| | § | **SA-10-CV-0162 NN** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Defendant.** | § | |

## SUMMARY JUDGMENT ORDER

This order addresses the parties' motions for summary judgment. Plaintiff Connie Leon filed this case against the United States of America (the government),[1] complaining about an allegedly unnecessary medical procedure provided by a Brooke Army Medical Center (BAMC) urologist and resulting complications. Leon's allegations state claims for medical malpractice and battery.

Leon moved for summary judgment on August 4, 2010.[2] Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[3] As the basis for summary judgment, Leon relied on her request for admissions. Leon contended that the government failed to respond to her request for

---

[1] Leon's complaint named the Commander Center Judge Advocate as the defendant. Because the Federal Tort Claims Act bars claims against individual federal agencies, *see* 28 U.S.C. § 2679, the United States substituted for the Commander Center Judge Advocate.

[2] Docket entry # 26.

[3] Fed. R. Civ. P. 56(c).

admissions and that the failure resulted in deemed admissions entitling her to summary judgment.[4] The government responded to Leon's motion and demonstrated that it had timely responded to Leon's request for admissions.[5] The government's response shows that Leon moved for summary judgment before the government's deadline for responding to her request had passed.[6] Consequently, no deemed admissions exist as a basis for Leon's motion. Leon's motion (docket entry # 26) is denied.

The government also moved for summary judgment. The government relied on the requirement for expert medical testimony to prove a breach of the applicable standard of care. Medical malpractice is a state-law claim. In Texas, "[a] physician has a duty to render care to a patient with the degree of ordinary prudence and skill exercised by physicians of similar training and experience in the same or similar community under the same or similar circumstances."[7] "The medical standard of care is the threshold issue that a plaintiff must establish before the fact finder determines if the defendant deviated from the standard of care to a degree that constitutes

---

[4] "A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrates the absence of a genuine issue of material fact." *FDIC v. McCrary*, 977 F.2d 192, 194 (5th Cir. 1992). If the movant meets this burden, the burden shifts to the non-movant to show that a fact question exists that precludes summary judgment. *See McCrary*, 977 F.2d at 194.

[5] Docket entry # 28.

[6] *Compare* docket entry # 26 (Leon's motion for summary judgment filed on August 4, 2010), *with* docket entry # 28, exh. 1 (the government's answers to Leon's request for admissions dated August 5, 2010). *See also* Fed. R. Civ. P. 6 (setting forth the rules for computing time and adding 3 days when serving by mail); Fed. R. Civ. P. (providing for 30 days from service for responding to requests for admissions); docket entry # 26, exh. 4 (Leon's request for admissions dated and served by mail on July 2, 2010).

[7] *Hollis v. United States*, 323 F.3d 330, 336 (5th Cir. 2003).

negligence."[8]  "As a general rule, expert testimony is required to establish the governing standard of care and to determine whether the standard has been breached."[9]

In this case, Leon's deadline for designating experts was August 4, 2010.[10]  Leon did not designate a medical expert to establish the governing standard of care and to testify about whether the urologist breached the standard of care.  To the extent Leon relies on the letter from Colonel Mary Ann McAfee as an expert opinion, the letter does not address the standard of care.[11]  In the letter, Colonel McAfee apologized for BAMC's failure to meet Leon's "expectations" of care, but Colonel McAfee did not address the standard of care.  To the extent Leon relies on a government delay in obtaining an expert opinion during the administrative phase of her claim, the government's timing in seeking a medical opinion about Leon's care does not bear on this case.

In a medical malpractice claim, the plaintiff must establish that her physician breached the standard of care.[12]  Unless "the mode or form of treatment is a matter of common knowledge or is within the experience of the layman,"[13] the plaintiff must produce expert medical testimony to make this showing. Applying that rule to this case, whether a patient suffers from urethral

---

[8]*Mills v. Angel*, 995 S.W.2d 262, 268 (Tex. App.—Texarkana 1999, no pet.).

[9]*Mills*, 995 S.W.2d at 268.

[10]Docket entry # 13, ¶ 4.

[11]Docket entry # 15, exh. 7.

[12]*See Jackson v. Axelrad*, 221 S.W.3d 650, 655 (Tex. 2007); *Chambers v. Conaway*, 883 S.W.2d 156, 158 (Tex.1993).

[13]*Chambers*, 883 S.W.2d at 158.

stenosis and requires a cystoscopy, urethral dilation and cystometrogram are not matters of common knowledge and do not fall within the experience of laymen.[14]  Thus, Leon was required to present expert testimony about whether she suffered from urethral stenosis and required a cystoscopy, urethral dilation and cystometrogram.  To the extent Leon relies on the numerous papers she filed in this case, the papers reflect information outside the general experience and knowledge of lay persons.  To advance her claims, such information must be presented by a medical expert.  Because plaintiff did not designate an expert on the standards of care and because the deadline to designate experts has passed, the government is entitled to summary judgment on Leon's medical malpractice claim.

As to Leon's other claim—battery—the requirement for expert testimony applies to a battery claim if the challenged act of the health care provider was "an inseparable part of the rendition of medical services."[15]  Leon's factual allegations relate to allegedly unconsented-to medical treatment by a BAMC urologist.  "The 'underlying nature of the claim' involves assertions against a 'physician for treatment.'"[16]  Leon's factual allegations alleging battery are

---

[14] *See Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982) ("[T]he diagnosis of skull fractures is not within the experience of the ordinary layman."); *Holguin v. Laredo Reg'l Med. Ctr.*, 256 S.W.3d 349, 355 (Tex. App.—San Antonio 2008, no pet.) (expert testimony required to prove claim that hospital was negligent in failing to protect him from a nurse by failing to properly hire, train, or supervise the nurse); *Clark v. TIRR Rehab. Ctr.*, 227 S.W.3d 256, 263 (Tex. App.—Houston [1 Dist.] 2007, no pet.) ("Proper supervision and protection of a patient in a weakened condition during physical therapy exercises is not within the common knowledge of the general public."); *Reynolds v. Warthan*, 896 S.W.2d 823, 826 (Tex. App.—Tyler 1995, no writ) ("[I]t is clear that the use of Kwell for treatment of scabies is not a matter of common knowledge, or within the experience of laymen.").

[15] *See Williams v. Walker*, 995 S.W.2d 740, 742 (Tex. App.—Eastland 1999, no pet.).

[16] *Williams*, 995 S.W.2d at 742.

"an inseparable part of the rendition of medical services." Consequently, Leon's battery claim is a recast "health care liability claim" for which Leon was required to provide expert testimony.[17] Because Leon presented no expert testimony, the government is entitled to summary judgment on Leon's battery claim.

The government's motion for summary judgment (docket entry # 28) is granted. Consistent with this ruling, judgment shall be entered in favor of the government.

**SIGNED** on August 20, 2010.

_Nancy Stein Nowak_
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[17]*Accord Williams*, 995 S.W.2d at 742 (affirming the dismissal of battery claim in which the plaintiff alleged that the defendant doctor drained an abscess after the plaintiff told the doctor that she only wanted antibiotics, because the plaintiff failed to provide a medical expert report; the court determined the claim was as a recast "health care liability claim" ).